# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CICELY TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-cv-3308 |
| ) | |
| STATE OF ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court are Defendants' Motions to Dismiss the Amended Complaint (d/e 21, 25). Defendants argue that the Amended Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), that the Court lacks subject matter jurisdiction, and that Plaintiff's claims are barred by the Eleventh Amendment to the Constitution of the United States.

### I. BACKGROUND

Plaintiff filed the Initial Complaint on December 26, 2017. On February 26, 2018, Plaintiff sought leave to file her Amended

Complaint. On March 2, 2018, the Court granted the request and docketed the Amended Complaint (d/e 24).

The Amended Complaint seeks liability against the State of Illinois, the Illinois Department of Children and Family Services (DCFS), Governor Bruce Rauner, Assistant State's Attorney Kendra Hansel, State's Attorney John Milhiser, and DCFS Director Beverly Walker.

The allegations in the Amended Complaint and the reasonable inferences made therefrom establish that on July 27, 2016, Defendants removed Plaintiff's two children, Atalia Turner and Zimri Turner, from her custody. The Amended Complaint brings three claims. Claim 1 is for illegal search and seizure by the Springfield Police Department and DCFS. Claim 2 includes two claims: violation of Plaintiff's Due Process rights and intentional infliction of emotional distress. Claim 3 alleges that Defendants have illegally seized Plaintiff's property (Atalia and Zimri Turner). The Amended Complaint seeks equitable relief in the form of return of the children to Plaintiff's custody or to that of a relative. Plaintiff also seeks information as to the whereabouts and contact information of the children. The Amended Complaint also prays for

monetary relief in the form of damages for pain and suffering and punitive damages, for a total of $90,000,000.

## II. LEGAL STANDARD

When ruling on a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and construes all reasonable inferences in favor of Plaintiff. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

To survive a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim for relief, the complaint must provide a short and plain statement of the grounds for the court's jurisdiction and of the claim showing Plaintiff is entitled to relief. Federal Rule of Civil Procedure 8(a)(1); Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015).

However, pro se complaints are construed liberally by the Court and held to a "less stringent standard than formal pleadings drafted by lawyers." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015); see also Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995) (noting that "in reviewing a pro se complaint, we must employ standards less stringent than if the complaint had been drafted by counsel").

Additionally, the Court may consider documents attached as exhibits to the complaint when ruling on a motion to dismiss. <u>Ctrs. v. Centennial Mortg., Inc.</u>, 398 F.3d 930, 933 (7th Cir. 2005); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). The Court may also consider matters of public record in determining whether the complaint's allegations are sufficient to meet this standard. <u>Olson v. Champaign Cnty., Ill.</u>, 784 F.3d 1093, 1096 n.1 (7th Cir. 2015).

### III. SUBJECT MATTER JURISDICTION

This Court has diversity subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Applying this leniency, construing the Amended Complaint favorably to Plaintiff, and taking all factual allegations in the Amended Complaint as true, the Court concludes that the Amended Complaint sufficiently establishes diversity jurisdiction.

The exhibits attached to the Amended Complaint purport that Plaintiff is a foreign national of the Asiatic Nation of North America, that she is a sovereign citizen, and that she is a member of other

various international organizations (d/e 24-1, -2, -3, -4). Courts have rejected such claims as frivolous and "should be rejected summarily, however they are presented." United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011).

The Initial Complaint and its exhibits indicated that Plaintiff is a citizen of Ohio. Exhibit A to the Initial Complaint (d/e 1-1) is a photocopy of an Ohio identification card that identifies Plaintiff's name and a Port Clinton, Ohio address. The Court notes that the identification card expired on January 28, 2018. However, it was valid on the day that Plaintiff filed the Initial Complaint, December 26, 2017, and it is recently expired. Also attached to the Initial Complaint is a statement of Plaintiff's food stamp benefits in Ohio dated August 18, 2017 (d/e 1-2). Although the Amended Complaint replaced the Initial Complaint, the Court takes judicial notice of the exhibits attached to the Initial Complaint. Olson, 784 F.3d at 1096 n.1 (a court may take judicial notice of documents in the public record when ruling on a motion to dismiss under Rule 12(b)(6)).

The Court notes that the Port Clinton, Ohio address listed on the identification card does not match the Port Clinton, Ohio address stated on the benefits statement. Defendants Milhiser and

Hansel argue that the discrepancy between the two addresses suggests their falsehood.  However, given the standard that the Court must apply at this stage to review factual allegations in favor of Plaintiff, the Court takes the addresses as true representations of Plaintiff's residence(s), which could be explained by having two homes, a move, or some other circumstance.  The State's Attorney Defendants also contend that the validity of the address is challenged by the fact that documents mailed to Plaintiff at the address listed on the benefits statement were returned.  The Court similarly finds that other circumstances could explain the returned mail.  The Court notes that a summons and a notice of hearing issued in Sangamon County Circuit Court Case No. 16-JA-97 to Plaintiff, which the State's Attorney Defendants attached to their motion to dismiss (d/e 25), lists the Port Clinton, Ohio address for Plaintiff found in the identification card.  Accordingly, the Court takes the allegation that Plaintiff is a citizen of Ohio as true.

Because Defendants concede that they are all citizens of Illinois, the Court finds that diversity of citizenship exists.  State's Attorneys Defendants Memorandum in Support of Motion to Dismiss (d/e 26) at 4.

Additionally, the Amended Complaint prays for monetary relief in the form of damages for pain and suffering and punitive damages totaling $90,000,000. Mere prayer for damages above $75,000 is insufficient to clear the § 1332(a) hurdle. Some justification is required. However, courts regularly have held that where a plaintiff alleges serious injuries, the fact that the plaintiff's damages exceeds the amount-in-controversy requirement is plain on the face of the complaint. See, e.g., McCoy v. Gen. Motors Corp., 226 F. Supp. 939, 941 (N.D. Ill. 2002). Plaintiff alleges a serious tort in the Amended Complaint—that Defendants wrongfully seized custody of her children. The Amended Complaint seeks recovery for intentional infliction of emotional distress, violations of Plaintiff's civil and constitutional rights, and pain and suffering. Such damages for emotional and mental injury applies to the amount in controversy calculation. Shupe v. Asplundh Tree Expert Co., 566 F. App'x 476, 479 (6th Cir. 2014) (unspecified amounts of damages sought for humiliation and embarrassment are counted in tallying the amount in controversy). Because a court will only dismiss a complaint for lack of subject matter jurisdiction on the basis of the amount-in-controversy if it is "legally certain" that the recovery will

be less than the threshold amount, the Court finds that it has diversity jurisdiction under § 1332(a). Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006).

## IV. SOVEREIGN IMMUNITY

The Eleventh Amendment "bars federal jurisdiction over suits brought against a state, not only by citizens of another state or a foreign state, but also by its own citizens." MCI Telecomm. Corp. v. Ill. Bell Tel. Co., 222 F.3d 323, 336 (7th Cir. 2000); see U.S. Const. amend. XI; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 65-66, 74 (1996) (holding that Congress may not abrogate a State's immunity when it acts under its Initial Article I authority to regulate commerce). This jurisdictional bar applies "regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 456 U.S. 89, 100 (1984).

The immunity afforded by the Eleventh Amendment extends to state agencies. Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin., 603 F.3d 365, 370 (7th Cir. 2010) ("If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities."). In accordance with Illinois state law, DCFS is properly considered a

state department and is thus entitled to Eleventh Amendment immunity. See 20 ILCS 505/1.

Two exceptions apply to state immunity. A state may be sued in federal court where: 1) Congress has abrogated the state's immunity by statute; and 2) a state has expressly waived its immunity and consented to suit. Ind. Prot. & Advocacy Serv., 603 F.3d at 371.

In this case, Plaintiff does not argue, and there is no indication, that Congress abrogated Illinois' immunity from suit or that Illinois has waived its immunity and consented to suit. Therefore, Plaintiff's claims against the State of Illinois and DCFS are clearly barred by the Eleventh Amendment.

### A. All of the individual Defendants have immunity from liability in their official capacities because the Amended Complaint does not seek prospective relief for an ongoing violation.

Additionally, the Eleventh Amendment does not bar a suit against a state official seeking prospective relief for an ongoing violation of federal law. Ex Parte Young, 209 U.S. 123, 159-60 (1908). Therefore, Plaintiff's claims against the individual Defendants may survive to the extent that they seek ongoing

equitable relief against the individual Defendants in their official capacities. Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't, 510 F.3d 681, 695 (7th Cir. 2007).

The Amended Complaint does not indicate whether the individual Defendants are sued in their personal or official capacities, so the Court addresses both.

When sued in their official capacities, individual defendants are merely the alter ego of the state and, as such, they enjoy sovereign immunity under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("[A] judgment against a public servant in his official capacity imposes liability on the entity that he represents." (citations omitted)); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."). The individual Defendants in this case are agents of the State of Illinois in their official capacities: Defendant Milhiser (State's Attorney), Defendant Hansel (Assistant State's Attorney), Defendant Rauner (Governor), and Defendant Walker (DCFS Director). See Richman v. Sheahan, 270 F.3d 430, 439 (7th Cir. 2001) ("[Plaintiff] sued [Defendant, an

Illinois county sheriff,] in his official capacity, and therefore the claim is against the entity of which he is an agent."); Nat'l Cas. Co. v. McFatridge, 604 F.3d 335, 341-42 (7th Cir. 2010) (state's attorney is a state employee, not a county employee); Ingemunson v. Hedges, 549 N.E.2d 1269, 1272 (Ill. 1990) ("[D]rafters of our present constitution agreed . . . that state's attorneys should be classified as state, rather than county officers.").

Although Plaintiff seeks equitable relief in the form of the return of her children, the Amended Complaint does not seek the type of prospective injunctive relief for protection against future civil rights violations required for the Ex Parte Young exception to sovereign immunity to apply. See In re Ayers, 123 U.S. 443 (1887). Therefore, the sovereign immunity of the State of Illinois bars suit against Defendants in their official capacities.

**B. Defendants Milhiser and Hansel have immunity from liability in their individual capacities under prosecutorial immunity.**

In their personal capacities, Defendants Milhiser and Hansel, as prosecutors, enjoy absolute immunity from civil suit for their conduct during the performance of their function in the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409,

430-31 (1976); Benson v. Safford, 13 Fed. App'x 405, 407 (7th Cir. 2001). A prosecutor's absolute immunity in the judicial phase applies even where she is alleged to have acted "with an improper state of mind or improper motive." Burns v. Reed, 894 F.2d 949, 955 (7th Cir. 1990), vacated in part on other grounds and rev'd in part on other grounds, 500 U.S. 478 (1991) and 958 F.2d 374 (7th Cir. 1992).

This immunity extends to a prosecutor's actions during a civil proceeding involving termination of parental rights or child protection because the prosecutor is acting in a functionally comparable role to their criminal duties. Thomason v. SCAN Volunteer Servs., Inc., 85 F.3d 1365, 1373 (8th Cir. 1996).

Defendant Hansel's representation of the State during any juvenile abuse and neglect case in Sangamon County Circuit Court relating to the allegations of the Amended Complaint falls within the judicial process for which prosecutors receive absolute immunity. The nature of a juvenile abuse and neglect proceeding, while not criminal, require duties of the state's attorney that are intimately associated with the judicial process. Burns, 894 F.2d at 955 ("Whenever duties of a judicial nature are imposed upon a public

officer, the due execution of which depends upon his judgment, he is exempt from all responsibility by action for the motives which influence him and the manner in which said duties are performed."). As such, Defendant Hansel's actions during her involvement in these proceedings, and any similar involvement of Defendant Milhiser, are entitled to absolute immunity.

Because Defendant Hansel's actions as alleged in the Amended Complaint entitle her to absolute prosecutorial immunity, the claims against her must be dismissed. Similarly, Defendant Milhiser must be dismissed as a defendant.

**C. The Amended Complaint fails to state a claim for relief against Milhiser, Rauner, and Walker in their individual capacities.**

Defendants also seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. The caption of the Amended Complaint lists Rauner, Walker, and Milhiser as defendants, but none of them are mentioned anywhere in the body of the Amended Complaint. The Amended Complaint alleges no facts to connect Rauner, Walker, and Milhiser to the complained-of incident.

A complaint must provide the defendants with notice of the plausible claims against them. Shah v. Littelfuse, Inc., 2013 WL

1828926 at *2 (N.D. Ill. Apr. 29, 2013), citing EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). To survive a motion to dismiss, the complaint must allege that each defendant was personally involved in the purported wrongdoing. Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017). For example, the complaint may assert claims against a supervisor of another defendant, but it must set forth specific allegations of either the supervisor's personal involvement or his knowledge and acquiescence in the wrongful conduct. Iqbal v. Hasty, 490 F.3d 143, 152-53 (2d Cir. 2007), rev'd on other grounds sub nom. Ashcroft v. Iqbal, 556 U.S. 554 (2009). Personal involvement can be inferred where the supervisor had day-to-day involvement and decision-making authority over the alleged misconduct. See Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).

Here, the Amended Complaint alleges no supervisory involvement by Defendants Walker, Rauner, or Milhiser as to their respective offices. Further, it is doubtful that they would be directly involved in a juvenile or family law proceeding as alleged in the Amended Complaint. A complaint that lists a supervisor as a defendant merely on the basis of respondeat superior does not state

a claim for relief.  Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).  Therefore, Defendants Rauner, Walker, and Milhiser must be dismissed as the Amended Complaint fails to state any claims for relief against them.

## V. CONCLUSION

Plaintiff's claims against the State of Illinois and DCFS must be dismissed pursuant to the Eleventh Amendment.  The claims against the individual Defendants in their official capacities also must be dismissed due to sovereign immunity.  Defendants Milhiser and Hansel have prosecutorial immunity from the claims against them.  Finally, the Amended Complaint fails to state a claim for relief against Defendants Rauner, Milhiser, and Walker.  Therefore, Plaintiff's Amended Complaint (d/e 24) against all Defendants is DISMISSED.  The claims against the State of Illinois, DCFS, Milhiser, and Hansel are dismissed with prejudice.  The claims against Walker and Rauner, to the extent they are brought in their official capacities, are dismissed with prejudice.  The claims against Walker and Rauner in their individual capacities are dismissed without prejudice.  Defendants' Motions to Dismiss (d/e 21, 25) are

GRANTED. Defendants' Motions to Dismiss filed prior to the Amended Complaint (d/e 11, 14) are DISMISSED AS MOOT.

Plaintiff is given 30 days from the date of this Order to file a Second Amended Complaint. The Clerk is directed to mail a copy of this Order to the address on file for Plaintiff.

**ENTER: July 26, 2018**

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE